UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PAUL A. GUTHRIE,                )
                                )
            Plaintiff,           )
    vs.                          )   1:13-cv-0234-SEB-DKL
                                )
BARACK HUSSEIN OBAMA, II, et al.,)
                                )
            Defendants.          )

**Entry and Order Dismissing Action**

**I.**

Paul A. Guthrie commenced this action shortly after a prior action docketed as *Guthrie v. Obama, et al.,* No. 1:13-cv-0080-JMS-DKL (S.D.Ind. Jan. 18, 2013)(hereafter "the prior action") was dismissed. Upon its initial examination of this case, the court noted that "[t]he plaintiff is recycling claims put to rest" in the prior action. The plaintiff was given a period of time in which to show cause why the present action should not be summarily dismissed "for the same reasons."

The plaintiff has responded to the foregoing directions by asserting that the disposition of the prior action was invalid. This apparently explains why he has tried again and this time has added Judge Magnus-Stinson as a defendant.

**II.**

The plaintiff has been adequately put on notice to defend the legal sufficiency of the complaint. Even with this opportunity and an elaborate response, however, the complaint does not withstand scrutiny.

### III.

The claim against Judge Magnus-Stinson is a complete non-starter. That claim is dismissed because judges have absolute immunity from liability for judicial acts. *Ohse v. Hughes,* 816 F.2d 1144, 1154 (7th Cir. 1987) (citing *Stump v. Sparkman,* 435 U.S. 349 (1978)). The doctrine of absolute judicial immunity attaches for the benefit of the public, who has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray,* 386 U.S. 547, 554 (1967); *see also Forrester v. White,* 484 U.S. 219, 225 (1988) (observing that judicial immunity discourages inappropriate collateral attacks and protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants) (citing *Bradley v. Fisher,* 13 Wall. 335, 348 80 U.S. 335 (1872)).

### IV.

The claims against the other defendants are the same claims asserted in the prior action. The prior action was dismissed because the plaintiff lacked standing "to seek the ouster from office of the President and the Vice-President or to obtain the other relief he seeks." *Sibley v. Obama,* 866 F.Supp.2d 17, 19-20 (D.D.C. 2012), was then cited as authority for this proposition, and of course without standing the action had to be dismissed for lack of jurisdiction.[1]

---

[1]"The doctrine of standing enforces the constitutional requirement of a "case or controversy" found in Article III of the Constitution. *Ezell v. City of Chicago,* 651 F.3d 684, 695 (7th Cir. 2011). No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341 (2006) (internal quotation marks omitted). Standing requires, *inter alia,* that a plaintiff suffer an injury in fact and that there be "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 103 (1998). Standing is a jurisdictional matter. *See Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011). "Subject-matter jurisdiction is our foremost concern; without it, 'the court cannot proceed at all in

The doctrine of *res judicata*, or claim preclusion, bars "'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" *United States v. Tohono O'Odham Nation,* 131 S.Ct. 1723, 1730 (2011) (quoting *Commissioner v. Sunnen,* 333 U.S. 591, 597 (1948)). As noted, the prior action was dismissed for lack of jurisdiction, which is not a judgment on the merits. *Magnus Elecs., Inc. v. La Republica Argentina,* 830 F.2d 1396, 1400 (7th Cir. 1987). However, it does "preclude relitigation of the issue of whether the first tribunal had jurisdiction," and thus does have collateral estoppel, or issue preclusion, effect in later proceedings. *Elmore v. Henderson,* 227 F.3d 1009, 1013 (7th Cir. 2000)(emphasis and citation omitted); *see also Perry v. Sheahan,* 222 F.3d 309, 318–19 (7th Cir. 2000) ("A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue. The difference is in the type of preclusion, not the fact of preclusion. A judgment on the merits precludes relitigation of any ground within the compass of the suit, while a jurisdictional dismissal precludes only relitigation of the ground of that dismissal . . . and thus has collateral estoppel (issue preclusion) effect rather than the broader res judicata effect that nowadays goes by the name claim preclusion.").

There is a wrinkle to the foregoing because in the prior action the plaintiff sought and was granted leave to proceed *in forma pauperis.* This triggers the rule in the Seventh Circuit that a dismissal under 28 U.S.C. § 1915(e)(2)(B) is not a "judgment on

---

any cause.'" *GE Betz, Inc. v. Zee Co., Inc.,* 2013 WL 1846541, *6 (7th Cir. May 3, 2013)(quoting *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 7 Wall. 506, 514 (1868)).

the merits." *Okoro v. Bohman,* 164 F.3d 1059, 1062 (7th Cir. 1999).[2] In this case, by contrast, the plaintiff paid the filing fee.

That is why the Entry of April 3, 2013, put forward as a possible barrier to the present case "the same reasons" as compelled dismissal of the prior case.[3] The plaintiff has responded with a compendium, a polemic. He reinforces his theory somewhat. He discounts the dismissal of the prior action as invalid. The asserted invalidity of the prior action made it an invalid decision to appeal. He does not, however, cure the jurisdictional defect. Courts have rejected various challenges to President Obama's eligibility to hold the office of President. *See, e.g., Kerchner v. Obama,* 612 F.3d 204, 207 (3d Cir. 2010); *Berg v. Obama*, 586 F.3d 234, 238–39 (3d Cir. 2009); *Sibley v. Alexander*, 2013 WL 76286 (D.D.C. Jan. 8, 2013); *Taitz v. Obama*, 707 F.Supp.2d 1, 3 (D.D.C. 2010). The common rationale of these decisions, as with the prior action, is the plaintiff's lack of standing due to the absence of particularized injury. This case is **dismissed** for the same reason.

V.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

                                                     *[signature]*
                                                 SARAH EVANS BARKER, JUDGE
                                                 United States District Court
                                                 Southern District of Indiana

Date: 05/08/2013

---

[2] Pursuant to 28 U.S.C. § 1915(e)(2), "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

[3] "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service." *Hoskins v. Poelstra,* 320 F.3d 761, 762 (7th Cir. 2003).

Distribution:

Paul A. Guthrie
7797 South Carefree Drive
Pendleton, IN 46064